IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 16-cv-02073-CMA-STV

IAN DAWSON,

    Plaintiff,

v.

CORRECTIONAL HEALTHCARE MANAGEMENT, INC.,
CORRECTIONAL HEALTHCARE COMPANIES, INC.,
CORRECT CARE SOLUTIONS, LLC,
DAVID JONES, MD,
RONALD WAITS, NP, and
DAVID WALCHER, *in his individual and official capacity as Arapahoe County Sheriff*,

    Defendants.

---

**ORDER DENYING PLAINTIFF'S MOTION FOR RELIEF UNDER RULE 60(b)**

---

This matter is before the Court on Plaintiff's Motion for Relief Under Rule 60(b), Fed.R.Civ.P. ("the Motion") (Doc. # 109), wherein Plaintiff moves the Court to grant him relief from judgment in the instant case. For the reasons described herein, the Court denies Plaintiff's Motion.

## I.     BACKGROUND

Magistrate Judge Varholak thoroughly recounted the factual background of the instant case in the May 24, 2017 Recommendation of United States Magistrate Judge ("the Recommendation"). (Doc. # 71.) Plaintiff stipulated to Judge Varholak's recitation of events in his Motion. Accordingly, this Order will reiterate only what is necessary to

address the Motion.

Plaintiff initiated the instant action *pro se* on August 16, 2016, asserting claims for deliberate indifference to serious medical needs during his time as a pretrial detainee pursuant to the Fourteenth Amendment. (Doc. # 1.) Plaintiff filed an Amended Complaint on September 7, 2016. (Doc. # 17.) Thereafter, Attorney Johnny Milton Wilson entered an appearance on Plaintiff's behalf and filed a Second Amended Complaint with leave of court. (Doc. # 35.)

Defendants separately filed four motions to dismiss (Doc. ## 40–42, 60), which the Court referred to Magistrate Judge Varholak (Doc. ## 47, 62). Plaintiff filed responses to the motions. (Doc. ## 53, 60.) Judge Varholak issued his Recommendation on the motions to dismiss on May 24, 2017, in which he recommended that the Court grant the motions and dismiss the case with prejudice. (Doc. # 71.) No objection to the Recommendation was filed, and the Court affirmed and adopted the Recommendation on June 13, 2017. (Doc. # 72.) Final judgment entered in favor of Defendants and against Plaintiff on June 13, 2017. (Doc. # 73.)

Plaintiff filed a Notice of Appeal of the Order of Dismissal on September 14, 2017, more than 30 days after judgment entered in this case. (Doc. # 74.) The following day, the Tenth Circuit Court of Appeals ordered Plaintiff to show cause in writing why his appeal should not be dismissed for lack of jurisdiction because of an untimely notice of appeal. (Doc. # 78.) The order warned Plaintiff that failure to respond would result in dismissal of his appeal for failure to prosecute. Plaintiff failed to respond, and the Tenth Circuit dismissed his appeal on October 13, 2017. (Doc. # 80.)

Plaintiff filed a second Notice of Appeal on December 28, 2017, wherein Plaintiff identified as the basis of his appeal the "Order Denying Relief Under Rule 60(b)" entered on October 13, 2017. (Doc. # 95.) From the Court's review of the docket, it appears that Plaintiff sought to appeal the Tenth Circuit's order dismissing Plaintiff's first appeal. Plaintiff filed his first 60(b) motion with this Court, titled "Renewed Motion for Relief Under Rule 60(b)," on February 13, 2018. (Doc. # 107.) The Court denied the motion for lack of jurisdiction. (Doc. # 108.) Plaintiff filed the instant motion on January 30, 2020, almost three years after final judgment entered.

## II. STANDARD OF REVIEW

### A. MOTION FOR RELIEF FROM JUDGMENT

The Federal Rules of Civil Procedure allow a litigant subject to an adverse judgment to file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b). *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). Rule 60 provides, in relevant part, that a court may relieve a party from a final judgment for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it

prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

Relief under Rule 60(b) is discretionary and is warranted only in exceptional circumstances. *Van Skiver*, 952 F.2d at 1243 (citing *Bud Brooks Trucking, Inc. v. Bill Hodges Trucking Co.,* 909 F.2d 1437, 1440 (10th Cir. 1990)). Any motion brought under Rule 60(b) must be made within a reasonable time, and motions based on reasons (1), (2), or (3) must be made no more than a year after the entry of judgment or the date of the proceeding. A movant seeking relief under Rule 60(b)(6) must demonstrate "extraordinary circumstances" justifying the reopening of a final judgment. *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005) (citations omitted). "This very strict interpretation of Rule 60(b) is essential if the finality of judgments is to be preserved." *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 873 (1988) (REHNQUIST, C. J., dissenting).

**B.    *PRO SE* PARTY**

The Court cannot and does not act as an advocate for a *pro se* party. See *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 672 (10th Cir. 1998). Although the Court construes a *pro se* litigant's pleadings liberally, a party's *pro se* status does not entitle him to application of different rules, *see Montoya v. Chao*, 296 F.3d 952, 957 (10th Cir. 2002), or exempt him from complying with the Federal Rules of Civil Procedure, the Local Rules of Practice for the District of Colorado, or the Federal Rules of Appellate Procedure. *Murray v. City of Tahlequah*, 312 F.3d 1196, 1199 n.2 (10th Cir. 2008);

*Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994).

### III.    DISCUSSION

Plaintiff brought the instant motion nearly three years after the entry of judgment. Any 60(b) motion must "be made within a reasonable time," and any motion brought under the three most open-ended grounds for relief—i.e., excusable neglect, newly discovered evidence, and fraud—must be brought within one year of the entry of judgment. *See* Fed. R. Civ. P. 60(b); *see also Gonzalez*, 545 U.S. at 535. However, Plaintiff first filed a 60(b) motion with this Court within one year of the entry of judgment and Plaintiff proceeds *pro se*. As such, the Court will review Plaintiff's Motion on the merits.

The Court concludes that Plaintiff has failed to demonstrate grounds for Rule 60(b) relief. The Court will not address Plaintiff's rehashing of arguments previously before the Court, as a Rule 60(b) motion is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing. *See Van Skiver*, 952 F.2d at 1243. The Court considers Plaintiff's arguments concerning its supposed misapplication of the law and the deficiencies of Plaintiff's counsel in turn.

### A.    THE COURT'S APPLICATION OF THE LAW

Plaintiff's Motion challenges the legal standards the Court applied in entering judgment in Defendants' favor. Said arguments are properly brought under Rule 59(e)[1]

---

[1] Challenges to the "legal correctness of the district court's judgment by arguing that the district court misapplied the law or misunderstood [the litigant's] position . . . are properly brought under Rule 59(e) within ten days of the district court's judgment or on direct appeal but do not justify relief from the district court's judgment pursuant to Rule 60(b)." *Van Skiver*, 952 F.2d at 1244 (collecting cases); *see also Swam v. United States*, 327 F.2d 431, 433 (7th Cir. 1964) (argument that district court "misconceived the character of the causes of action alleged in

and are untimely. The Tenth Circuit has granted limited relief under Rule 60(b)(1) for "obvious errors of law, apparent on the record" where the Rule 60(b) motion is filed before the time to file a notice of appeal has expired. *See Van Skiver*, 952 F.2d at 1244 (citations omitted). The instant Motion was filed long after the time to file a notice of appeal expired. Nevertheless, putting aside the untimeliness of Plaintiff's Motion, the Court reviews Magistrate Judge Varholak's Recommendation and this Court's Order Affirming the May 24, 2017 Recommendation of United States Magistrate Judge for "obvious errors of law, apparent on the record" and finds none.

Plaintiff argues that Magistrate Judge Varholak applied the incorrect legal standard to his Fourteenth Amendment claims for deliberate indifference to serious medical needs. Specifically, Plaintiff argues that Magistrate Judge Varholak erred by concluding that Plaintiff must satisfy a subjective, state-of-mind component to state a claim for deliberate indifference under the Fourteenth Amendment.[2] Plaintiff's argument is without merit. Tenth Circuit precedent makes clear that the same standard applies to claims for deliberate indifference to serious medical needs brought by prisoners under the Eighth Amendment and pretrial detainees under the Fourteenth Amendment:

> Under the Fourteenth Amendment due process clause, "pretrial detainees are ... entitled to the degree of protection against denial of medical

---

plaintiff's original complaint" does not come within the ambit of Rule 60(b)), *cert. denied,* 379 U.S. 852 (1964).

[2] Plaintiff cites to *Kingsley v. Hendrickson*, 135 S. Ct. 2466 (2015), for the proposition that the Court should have applied a purely objective standard to his deliberate indifference claims. *Kingsley* related to a pretrial detainee's excessive use of force claim, not a deliberate indifference claim. *See id.* at 2472–73 ("In deciding whether the force deliberately used is, constitutionally speaking, 'excessive,' should courts use an objective standard only, or instead a subjective standard that takes into account a defendant's state of mind? It is with respect to *this* question that we hold that courts must use an objective standard.").

> attention which applies to convicted inmates" under the Eighth Amendment. *Garcia v. Salt Lake County,* 768 F.2d 303, 307 (10th Cir. 1985). A claim for inadequate medical attention will be successful if the plaintiff shows "'deliberate indifference to serious medical needs.' " *Estate of Hocker v. Walsh,* 22 F.3d 995, 998 (10th Cir. 1994) (quoting *Estelle v. Gamble,* 429 U.S. 97, 104[ ] (1976)) . . . . The test for deliberate indifference is both objective and subjective. *Callahan v. Poppell,* 471 F.3d 1155, 1159 (10th Cir. 2006).

*Martinez v. Beggs*, 563 F.3d 1082, 1088 (10th Cir. 2009); *see also Blackmon v. Sutton*, 734 F.3d 1237, 1244–45 (10th Cir. 2013) (stating the deliberate indifference standard developed to address prisoner claims of inadequate medical care in the Eighth Amendment context "bears its uses in the Fourteenth Amendment context" because "detention center officials surely owe pretrial detainees . . . at least the same standard of care prison officials owe convicted inmates."). Contrary to Plaintiff's assertion, Magistrate Judge Varholak applied the correct legal standard to Plaintiff's Fourteenth Amendment claims.

Plaintiff also challenges the Court's dismissal of the instant action with prejudice and argues that the Court should have allowed Plaintiff's counsel an opportunity to amend his Complaint. However, the Court allowed Plaintiff two opportunities to amend.[3] In analyzing whether Plaintiff's claims should be dismissed with prejudice, Judge Varholak painstakingly reviewed the allegations in Plaintiff's initial complaint, Amended Complaint, and Second Amended Complaint over the course of seven pages. *See* (Doc. # 71 at 21–27). Ultimately, he concluded that Plaintiff could not state a claim for deliberate indifference to serious medical needs as a matter of law. The Court finds that Judge Varholak appropriately recommended dismissal of the instant action with

---

[3] Plaintiff filed his first Amended Complaint *pro se*. Counsel for Plaintiff filed the Second Amended Complaint on his behalf.

prejudice because it was evident that Plaintiff "[could not] prevail on the facts he ha[d] alleged and it would [have been] futile to give him an opportunity to amend.'" *Sayed v. Broman*, 638 F. App'x 698, 700 (10th Cir. 2016) (quoting *Gee v. Pacheco*, 627 F.3d 1178, 1195 (10th Cir. 2010)), *cert. denied*, 136 S. Ct. 1670 (2016).[4] Therefore, the Court's judgment will not be overturned on this basis.[5]

B.   **INADEQUACY OF PLAINTIFF'S COUNSEL**

Plaintiff mounts various arguments concerning the inadequacy of his counsel to support the instant Motion including, *inter alia*, that his attorney mishandled his case, inadequately amended the complaint, and failed to object to the Recommendation. *See* (Doc. # 109 at 4–8). However, the Tenth Circuit has repeatedly held that carelessness of a litigant or his counsel is not a basis for relief under Rule 60(b):

> Courts, including this one, have repeatedly held that carelessness by litigants or their counsel is inconsistent with the grounds for relief under Rule 60(b)(1). *See, e.g., Pelican [Prod. Corp. v. Marino]*, 893 F.2d [1143,] 1146 [(10th Cir. 1990) ("[c]arelessness by a litigant or his counsel does not afford a basis for relief under Rule 60(b)(1)."]; *Edward H. Bohlin Co. v. Banning Co.,* 6 F.3d 350, 357 (5th Cir. 1993); *Zuelzke,* 925 F.2d at 229–30; *Lomas and Nettleton Co. v. Wiseley,* 884 F.2d 965, 967 (7th Cir. 1989). Moreover, even where the blame lies with the attorney, the denial

---

[4] *See also Curley v. Perry*, 246 F.3d 1278, 1282 (10th Cir. 2001) ("Because no amendment could cure this defect, it was appropriate for the district court to dismiss the complaint with prejudice.").

[5] Plaintiff raises various other fruitless arguments concerning action or inaction by the Court. For example, Plaintiff argues that the Court erred by failing to rule on his motions for appointment of counsel, but Plaintiff filed motions for appointment of counsel only after judgment entered in this case. *Compare* (Doc. # 73) (final judgment entered on June 13, 2017) *with* (Doc. # 82) (Motion for Appointment of Counsel filed on October 19, 2017) *and* (Doc. # 87) (Renewed Motion for Appointment of Counsel filed on November 8, 2017). Plaintiff also argues that the Court failed to rule "on the discovery requests or motions to compel" (Doc. # 109 at 9) despite the fact that the parties **jointly** filed a motion to stay discovery pending resolution of the motions to dismiss, which Judge Varholak granted. *See* (Doc. ## 48–49). The Court has reviewed every argument in Plaintiff's 36-page Motion but does not address each frivolous argument herein in the interest of judicial economy.

of 60(b) relief is not too harsh a result for a party, who freely selected the attorney as their agent. See *Link v. Wabash R.R.,* 370 U.S. 626, 633–34 (1962); *Bud Brooks Trucking,* 909 F.2d at 1439 n. 2.

*White v. Cassey*, 30 F.3d 142 (10th Cir. 1994); *see also Sutherland v. ITT Cont'l Baking Co.*, 710 F.2d 473, 476–77 (8th Cir. 1983) ("Rule 60(b) has never been a vehicle for relief because of an attorney's incompetence or carelessness.") (citations omitted). The Tenth Circuit has held that an attorney's failure to respond to a motion to dismiss was not a proper basis for relief under 60(b). *See Pelican*, 893 F.2d at 1146. In the instant case, Plaintiff's counsel filed responses to the motions to dismiss but failed to object to the Recommendation on those motions. Under the relevant Tenth Circuit precedent, Plaintiff is not entitled to Rule 60(b) relief on this basis.[6]

### IV.  CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Relief Under Rule 60(b), Fed.R.Civ.P. (Doc. # 109) is DENIED.

DATED: May 19, 2020

BY THE COURT:

CHRISTINE M. ARGUELLO
United States District Judge

---

[6] *See Edward H. Bohlin Co.,* 6 F.3d at 357 (holding that it would be an abuse of discretion for district court to grant 60(b) relief where party's untimeliness was solely because of their attorney's carelessness or misapprehension of the applicable rules of court); *see also Lomas and Nettleton Co.,* 884 F.2d at 971 (holding that district court abused its discretion in awarding 60(b) relief where party failed to appear because attorney was careless and failed to realize the time).